# Guide to Judiciary Policy

Vol. 5: Court Interpreting

## Ch. 1: Overview

§ 110 Purpose

§ 120 Authority

§ 130 Applicability

§ 140 Definitions

---

## § 110 Purpose

This volume is designed to provide guidance on the use of interpreters for participants in judicial proceedings who speak only or primarily a language other than English, or who are hearing-impaired or have communications disabilities.  It also provides references and links to policy applicable when interpreters are used in other instances.

## § 120 Authority

(a)     These guidelines are promulgated by the Director of the Administrative Office of the U.S. Courts (AO) as authorized by the Court Interpreters Act (Act), as amended, 28 U.S.C. § 604(a)(14), (15), and (16), § 1827, and § 1828.

(b)     The guidelines also incorporate references to Judicial Conference policy and case law related to the use of court interpreters.

(c)     Under 28 U.S.C. § 602(d), the Director may delegate any functions, powers, duties, and authority (except the authority to promulgate regulations) to other officers and employees of the judicial branch of government, subject to such terms and conditions as the Director may consider appropriate.

## § 130 Applicability

This volume applies to the federal courts as defined in 28 U.S.C. § 610.  It does not apply to the Supreme Court of the United States.



**EXHIBIT**

B

*Last revised (Transmittal 05-010) May 6, 2024*

| § 140 Definitions | |
|---|---|
| Ad Hoc Interpreters | **See:** Language Skilled Interpreters. |
| Auxiliary Aids and Services | Effective methods of making aurally delivered materials available to individuals with hearing impairments, including qualified interpreters and assistive listening devices or systems. |
| Certified Interpreters | Interpreters who have successfully passed all the required components of the Federal Court Interpreter Certification Examination administered under the auspices of the AO.  Also known as Federally Certified Court Interpreters (FCCIs).  **See:** Guide, Vol. 5, § 320.10. |
| Conference Interpreters | Interpreters who work in multilingual meetings and render messages from one language into another, naturally and fluently.  Unlike court interpreters, conference interpreters adopt the speaker's delivery, tone, and convictions and often make necessary adjustments to the speech. |
| Consecutive Interpretation | This mode is used to interpret testimony given by a limited English proficiency (LEP) individual on the witness stand, or other statements for the record involving questions and answers, as well as for situations when the LEP individual engages in dialogue, such as interviews.  The interpreter verbally conveys the translation of the original message into the target language after the speaker has paused. |
| Contract Interpreters | Interpreters who are not court employees, but independent contractors engaged for specific periods of time to provide interpreting services. |
| Federal Court Interpreter Certification Examination (FCICE) | A criterion-referenced performance examination (28 U.S.C. § 1827(b)(1)) developed and administered under the supervision of the AO's Court Services Office. |
| Federally Certified Court Interpreters (FCCIs) | **See:** Certified Interpreters. |
| Language of Limited Diffusion (LLD) | A language used by a group that is significantly smaller in number than the rest of the population.  Also called a linguistic or language minority. |
| Languages Other Than Spanish (LOTS) | All non-English languages other than Spanish.  Also known as "Other than Spanish" (OTS). |
| Language Skilled Interpreters | Interpreters who do not qualify as AO-certified or professionally qualified interpreters but who can demonstrate to the court's satisfaction the ability to interpret judicial proceedings from English to a designated language and from that language into English.  **See:** Guide, Vol. 5, § 320.20.30. |

| § 140 Definitions ||
| --- | --- |
| Limited English Proficiency (LEP) Person | An individual who speaks only or primarily a language other than English. |
| Otherwise Qualified Interpreters | Interpreters who are either "professionally qualified" or "language skilled/ad hoc." **See:** Guide, Vol. 5, § 320.20. |
| Participants | Parties, attorneys, and witnesses of in-court or out-of-court judicial proceedings. |
| Professionally Qualified Interpreters | Interpreters who meet specific AO standards described in § 320.20.20 of this volume may be deemed "professionally qualified." This rating cannot be applied to Spanish interpreters, for whom AO certification is available. |
| Relay Interpretation | This occurs when no interpreter is available to interpret a language of limited diffusion (LLD) into English, but one can interpret the needed language into another language for which there is an available, qualified interpreter. The non-English speaking interpreter "relays" the interpretation into the common language and the second interpreter relays this into English and vice versa. (Examples: Mixtec to Spanish to English or Tactile Signing to American Sign Language (ASL) to English.) |
| Simultaneous Interpretation | The rendering of the full and accurate meaning of speech from one language into another while the speaker or signer is still talking. |
| Simultaneous Interpretation Equipment | Electronic equipment that allows the interpreter to interpret into a microphone and the interpreted speech to be sent in real time via a transmitter to a receiver (earphones) to one or more defendants. |
| Sight Translation | Conveying orally in one language the meaning of a text written in another language. It is a hybrid of translation and interpretation that requires the interpreter to first review the original written text, then render it orally into the other language. |
| Source Language | The language from which an utterance in another language is translated or interpreted. |
| Staff Interpreters | Interpreters who are employees of the court. **See:** Guide, Vol. 5, § 310.10. |
| Target Language | The language into which an utterance in another language is translated or interpreted. |
| Team Interpreting | The use of two or more interpreters for trials or lengthy hearings. The interpreter who is not actively interpreting (known as the passive interpreter) researches terms, takes notes, monitors the interpretation being provided, and provides support to the active interpreter. Team interpreters alternate roles during the interpreted matter. |

| § 140 Definitions | |
|---|---|
| Telephone Interpreting Program (TIP) | Simultaneous and consecutive remote interpreting for short proceedings in situations where on-site court interpreters are not available or cost-effective. |
| Transcription | The production of a written text that reflects an oral message as it is spoken.  Both the original spoken message and the transcribed text are in the same language. |
| Transcription and Translation of Recordings | The reproduction in writing of the original spoken words recorded on tape or other media in a source language, and their subsequent translation into the target language as part of a transcript. |
| Translation | The transference in writing of a document's meaning from a source language into the target language. |

# Guide to Judiciary Policy

Vol. 5: Court Interpreting

## Ch. 2: Appointment and Payment Authorities

§ 210 Criminal and Civil Actions Instituted by the United States
        § 210.10 Appointment of Interpreters in Judicial Proceedings Instituted by the United States
        § 210.20 Waivers of Appointment
        § 210.30 Funds Available for Payment of Interpreters

§ 215 Government Witnesses

§ 220 Criminal Justice Act (CJA)
        § 220.10 Payment for Interpreters Appointed under the CJA
        § 220.20 Services for Short Attorney-Client Interviews
        § 220.30 Payment of Interpreter Expenditures for CJA Representation

§ 225 Retained Counsel
        § 225.20 Payment of Interpreters Obtained by Retained Counsel

§ 230 Habeas Corpus Petitions

§ 235 Probation and Pretrial Services Matters
        § 235.20 Payment for Interpreter Services for Probation and Pretrial Treatment Services

§ 240 Bankruptcy Proceedings
        § 240.10 Bankruptcy Appeals and Bankruptcy Cases
        § 240.20 Section 341 Meetings of Creditors

§ 245 Court-Sponsored Alternative Dispute Resolution Programs

§ 250 Special Master Proceedings
        § 250.20 Special Masters Appointed in Prison Condition Cases

§ 255 Services to the Hearing Impaired and Others with Communication Disabilities
        § 255.20 CART Services
        § 255.30 Provision for and Payment of Juror Services
        § 255.40 Local Procedures
        § 255.50 Reporting
        § 255.60 Funding

§ 260 Civil Proceedings Not Initiated by the Government

*Last substantive revision (Transmittal 05-010) May 6, 2024*
*Last revised (minor technical changes) September 19, 2024*

§ 265 Cost Reimbursement

---

# § 210 Criminal and Civil Actions Instituted by the United States

## § 210.10 Appointment of Interpreters in Judicial Proceedings Instituted by the United States

(a)    A judge must appoint interpreters in judicial proceedings instituted by the United States, if the judge determines that a party or a witness speaks only or primarily a language other than English or has a hearing impairment (whether or not suffering also from a speech impairment), so as to inhibit that person's comprehension or communication in the proceeding.

   (1)    This may include the assignment of an interpreter to facilitate communication between counsel and the party, even if it results in multiple in-court interpreters.  **See:**  § 215(a) and § 220.

   (2)    The term "judicial proceedings instituted by the United States" as used in this volume refers to all proceedings, whether criminal or civil, including pretrial and grand jury proceedings (as well as proceedings upon a petition for a writ of habeas corpus initiated in the name of the United States by a relator) conducted in, or under the lawful authority and jurisdiction of, a U.S. district court.  **See:** 28 U.S.C. § 1827(j) and § 230.

(b)    A judge may also appoint interpreters for defense witnesses in judicial proceedings instituted by the United States.  **See:**  28 U.S.C. § 1827(d)(1) and (c)(2).

   **Note:**  For bankruptcy judicial proceedings, **see:**  § 240.

## § 210.20 Waivers of Appointment

Any individual who is entitled to interpretation under 28 U.S.C. § 1827(d), other than a witness, may waive such interpretation in whole or in part.  28 U.S.C. 1827(f)(1).  The waiver is only effective if:

(a)    it is approved by the presiding judge; and

(b)    the individual makes the waiver expressly on the record after being given:

   (1)    an opportunity to consult with counsel; and

(2)    an explanation by the presiding judge of the nature and effect of the waiver, using the services of either:

- the most available certified interpreter; or

- an otherwise competent interpreter when no certified interpreter is reasonably available, as determined by the presiding judge.

## § 210.30 Funds Available for Payment of Interpreters

The general authorization account is used for the payment of interpreters appointed by a judge as described above in § 210.10. For further guidance on using the general authorization account, **see:** Guide, Vol. 5, § 410.

# § 215 Government Witnesses

(a)    If a government witness speaks only or primarily a language other than English and requires an interpreter, the U.S. attorney is responsible for securing and paying for such services (28 U.S.C. § 1827(c)(2)). **See:** Guide, Vol. 5, § 330.10(a). The decision of whether an interpreter is needed is left to the presiding judge's discretion (28 U.S.C. 1827 (d)(1)).

(b)    DOJ Reimbursement of Court-Provided Interpreters

(1)    If the U.S. attorney utilizes a court-provided contract interpreter, the court may bill the Department of Justice (DOJ) for the government-witness portion of the services (28 U.S.C. § 1827(g)(3)).

(2)    Similarly, if a staff interpreter is utilized for a government witness, the court may bill for reimbursement of salary at the hourly rate that is equal to the interpreter's salary plus benefits (e.g., government contribution to retirement, overhead).

(3)    Reimbursed funds must be deposited into the appropriation originally charged (28 U.S.C. § 1827(g)(3)). For reimbursement procedures, contact the Financial Operations Division of the Financial Management Office of the Administrative Office of the U.S. Courts (AO).

# § 220 Criminal Justice Act (CJA)

## § 220.10 Payment for Interpreters Appointed under the CJA

(a)    Interpreters whose services are obtained by defense counsel appointed under the CJA, 18 U.S.C. § 3006A, to facilitate counsel's out-of-court

communications with the defendant or with witnesses are generally paid under that statute. These services are not provided under 28 U.S.C. § 1827, but rather under the CJA as necessary defense services.

(b)    The interpreter fee schedule for contract court interpreters does not apply to interpreting services obtained under the CJA. While the Director's fee schedule established under the Court Interpreters Act is not binding on services provided under the CJA, it should serve as a "guidepost" for determining the reasonableness of rates, including hourly rates, for interpreting services under the CJA. **See:**  Guide, Vol. 7A, § 320.15.10 and § 320.15.20.

## § 220.20 Services for Short Attorney-Client Interviews

(a)    Interpreter services by a contract or staff interpreter may be provided at no expense to the Defender Services appropriation for short CJA attorney-client consultation for federal public defenders, community defenders, or CJA panel attorneys:

    (1)    if interpreting occurs in the courthouse immediately before and/or after a proceeding (as covered by 28 U.S.C. § 1827), and

    (2)    only if the matter is incidental to a judicial proceeding that was already scheduled to take place.

(b)    Such interpreting arrangements should be authorized in advance by a judge, the clerk of court, or their designee.

## § 220.30 Payment of Interpreter Expenditures for CJA Representation

The expenditures related to interpreters for CJA representation are paid from the Defender Services appropriation. **See:**  Guide, Vol. 7, § 320.15.

### § 220.30.10 Determination and Approval of Claims and Rates

Rates may be negotiated between the interpreter and the federal defender or CJA panel attorney. When interpreters are authorized under the CJA or related statutes to render services to CJA panel attorneys, interpreters must complete the applicable CJA 21 or 31 voucher form and return it to counsel for certification that the services itemized were rendered. The court will review the voucher for reasonableness. **See:**  Guide, Vol. 7A, § 320.15.20.

### § 220.30.20 Contract Court Interpreters

Contract court interpreters may not bill or receive funds from any other federal court unit, federal public defender, community defender organization, or other attorneys or entities obtaining interpreting services under the CJA or the related statutes for any

services rendered during the same half- or full-day for which the contract court interpreter is being compensated according to the standard interpreter contract.  **See:** Contract Court Interpreter Services Terms and Conditions and Rate and Information Sheet.

# § 225 Retained Counsel

In any civil or criminal proceeding, retained counsel may hire interpreters to facilitate communication with a client or witness who speaks only or primarily a language other than English.  **See:**  § 210.10.

## § 225.20 Payment of Interpreters Obtained by Retained Counsel

The cost of interpreters used to facilitate communication between a client or witness and retained counsel in preparation for and following judicial proceedings are paid by the party, and the rates may be negotiated between the interpreter and the party, except as provided above in § 220.20.  For guidance on payment of court interpreters for in-court judicial proceedings, **see:**  §§ 210, 215, and 260.

# § 230 Habeas Corpus Petitions

Habeas corpus petitions filed under 28 U.S.C. §§ 2241 or 2254 and § 2255 motions are considered "judicial proceedings instituted by the United States" as defined by 28 U.S.C. § 1827(j).  A judge must appoint an interpreter for such in-court judicial proceedings when:

> (a)    the petitioner speaks only or primarily a language other than English or suffers from a hearing impairment; and

> (b)    this fact inhibits:

>> (1)    the petitioner's comprehension of the proceedings;

>> (2)    communication with counsel or the presiding judge; or

>> (3)    a witness' comprehension of questions or the presentation of testimony.

# § 235 Probation and Pretrial Services Matters

When probation and pretrial services officers require interpreter services to conduct presentence interviews to prepare presentence and pretrial services reports, such interviews of an individual or third party, while not addressed by statute, are considered within the scope of the court interpreting program in the federal courts because they are

integral parts of the judicial process.  These services are paid from the general authorization, as noted in <u>Guide, Vol. 5, § 410</u>.

### § 235.20 Payment for Interpreter Services for Probation and Pretrial Treatment Services

The general authorization for contract court interpreters must not be used to pay for interpreter services provided to assist probation or pretrial services officers when treatment programs or medical services are administered to offenders.  Interpreter services used in these instances should be paid from the same funds used to provide treatment and medical services (e.g., drug or anger management counseling).

# § 240 Bankruptcy Proceedings

### § 240.10 Bankruptcy Appeals and Bankruptcy Cases

(a)    In a bankruptcy case, the parties are responsible for providing interpreter services for judicial proceedings as well as communications between counsel and the parties, except in very limited instances when:

    (1)    the bankruptcy proceedings are instituted by the United States, or

    (2)    a party has a hearing impairment (whether or not also suffering from a speech impairment).

(b)    If the proceedings are instituted by the United States, the procedures outlined in <u>§ 210</u> should be followed, and payment may be made from the general authorization (**see:** <u>Guide, Vol. 5, § 410</u>).  Matters instituted by the United States are adversary proceedings initiated by agencies such as the:

- U.S. Trustee (UST);
- Internal Revenue Services (IRS);
- Securities and Exchange Commission (SEC); and
- Federal Deposit Insurance Corporation (FDIC).

### § 240.20 Section 341 Meetings of Creditors

(a)    In most bankruptcy courts, Section 341 meetings (meeting of creditors) are not considered to be instituted by the United States, and interpreter services, including the selection of an interpreter and the payment for the services, are the responsibility of the parties.  For guidance on reimbursement of judiciary interpreters for such services, **see:** <u>§ 265</u>.

(b)    However, in the six courts with bankruptcy administrators, such meetings are considered to be instituted by the United States and interpreter services required by a party in interest or a witness at a Section 341 meeting are, therefore, paid from the general authorization.  **See:**  Guide, Vol. 5, § 410.

## § 245 Court-Sponsored Alternative Dispute Resolution Programs

In the case of court-sponsored alternative dispute resolution programs, interpreter services must be provided for hearing impaired individuals as noted below in § 255, but not for parties who speak languages other than English unless the United States instituted the proceeding.  **See:**  §§ 240.10(b) and 240.20(b).

## § 250 Special Master Proceedings

Proceedings before a special master are not judicial proceedings, unless a U.S. magistrate judge is acting as the special master.  The clerk may assist a special master in locating an interpreter, but the cost of the interpreter is ordinarily a reimbursable expense of the special master as directed by the court appointing the special master. **See:**  Fed. R. Civ. P. 53.  For exception information, **see:**  § 250.20.

### § 250.20 Special Masters Appointed in Prison Condition Cases

(a)    The only exception to the general policy provided in § 250 is for special masters appointed in prison condition cases where compensation for the reasonable costs of experts, including interpreters, must be paid with funds appropriated to the judiciary (18 U.S.C. § 3626(f)(4)).

(b)    Charges for interpreter services provided to special masters in prison condition cases should be made to the fiscal year when the obligation was incurred (fund 092000, budget organization DXXPLRX, Cost Organization Code ending with X, and BOC 2529).

## § 255 Services to the Hearing Impaired and Others with Communication Disabilities

(a)    Under Judicial Conference policy, a court **must** provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities, and **may** provide these services to spectators when the court deems appropriate (JCUS-SEP 1995, p. 75).  This policy provides for services in addition to those required by the Court Interpreters Act (28 U.S.C. § 1827).

(b)    The court should honor a participant's choice of auxiliary aid or service, unless it can show that:

   (1)    another equally effective means of communication is available, or

   (2)    use of the means chosen would result in:

   - a fundamental change in the nature of the judicial proceeding, or
   - an undue financial or administrative burden.

## § 255.20 CART Services

(a)    When deemed appropriate by a court, computer-assisted real-time translation (CART) is one of the services that may be provided consistent with Judicial Conference policy, but solely to advance the limited purposes of assisting a person with a hearing impairment or a communication disability.

   (1)    Real-time reporting should be provided only for as long as necessary and for those specific purposes required by a participant.

   (2)    An example would be to provide real-time reporting only for the duration of a deaf witness' testimony.

(b)    Real-time reporting provided under these guidelines is to be used to assist in communication and is not to be used instead of conventional means of producing the official record.

(c)    Real-time services provided under these guidelines:

   (1)    is limited to a video display of spoken words, and

   (2)    may not include enhancements such as:

   - keyword searching, or
   - the provision of unedited daily transcripts.

(d)    The need to provide appropriate sign language interpreters and other auxiliary aids and services is not an authorization to purchase and install real-time court reporting equipment in the courtroom.  Such purchase is governed by Judicial Conference policy on court reporting.  **See:**  Guide, Vol. 6, § 320.

## § 255.30 Provision for and Payment of Juror Services

(a)     When an individual is found to be legally qualified to serve as a juror, but has a hearing impairment or a communication disability, payment for services necessary to address the communication disability should be made from the jury-fee appropriation.

(b)     Services provided under these guidelines include a sign language interpreter or other appropriate auxiliary aids.  **See:**  § 255.

(c)     Under the Jury Selection and Service Act, 28 U.S.C. §§ 1861–1878, it is the trial court that determines whether a prospective juror with a hearing impairment or a communication disability is legally qualified to serve as a juror, and this determination is not governed or affected by these guidelines.

## § 255.40 Local Procedures

(a)     Each court is required to identify a specific office or individual(s) to serve as access coordinator from whom participants in judicial proceedings may request auxiliary aids or services.  **See:**  § 255(a).

(1)     The access coordinator must:

(A)     be familiar with the judiciary's policy of providing reasonable accommodations to persons with a hearing impairment or a communication disability to ensure that the policy is properly implemented; and

(B)     have a ready working knowledge of the types of auxiliary aids and services available to serve the needs of disabled persons and of the local sources from which auxiliary aids and services may be procured.

(2)     Personnel in each court are to be instructed as to the judiciary's policy and the identity and location of the access coordinators in their particular court.

(3)     Each court will appropriately publicize the identity and location of its access coordinator through, for instance:

- courthouse signs,
- bulletin board announcements,
- pamphlets,
- announcements in the local press, and
- posts on the court's public website.

(b)    Courts may, but are not required to, establish specific procedures through which requests for auxiliary aid services are to be submitted, such as requiring that they be submitted to the access coordinator in writing or that they be submitted in advance of the judicial proceeding involved.  The court should permit reasonable exceptions.

(1)    Courts may also establish procedures through which persons dissatisfied with the court's proposed provision of auxiliary aids and services may seek review or reconsideration.

(2)    Any such procedures must be appropriately publicized.

**Note:**  These guidelines are not intended to extend or modify existing law.

## § 255.50 Reporting

In all situations in which services are provided under this section, regardless of whether any costs are incurred, courts are to file reports with the AO on forms provided for this purpose.  **See:**  Guide, Vol. 5, § 370.20.

## § 255.60 Funding

Except as noted in § 215 and § 255.30, payment for sign language interpreters or other auxiliary aids must be made from the general authorization.  **See:**  Guide, Vol. 5, § 410.

# § 260 Civil Proceedings Not Initiated by the Government

Interpreter services needed to assist parties in civil proceedings not instituted by the United States, both in-court and out-of-court, are the responsibility of the parties to the action, except as noted above in § 210 through § 255.

# § 265 Cost Reimbursement

(a)    In any proceeding not instituted by the United States, the presiding judge or the clerk or designee may make the services of an interpreter "available to that person on a cost-reimbursable basis, but the presiding judge may also require the prepayment of the estimated expenses of providing such services" (28 U.S.C. § 1827(g)(4)).

**Note:**  Upon court order, a clerk's office may receipt the prepayment for estimated expenses into the Deposit Fund (6855XX) and later disburse or refund funds, as appropriate, when the services end.

(b)    Because of the administrative burden placed on the judiciary in having to subsequently track and collect the reimbursed costs of these services,

interpreter services should be provided on a cost-reimbursable basis only in limited circumstances when no other options are available.

# Guide to Judiciary Policy

Vol. 5: Court Interpreting

## Ch. 3: Court Management and Responsibility

§ 310 Types of Interpreters
  § 310.10 Staff Court Interpreters
  § 310.20 Contract Court Interpreters

§ 320 Qualifications of Interpreters
  § 320.10 Certified Interpreters
  § 320.20 Otherwise Qualified Interpreters

§ 330 Locating Interpreters
  § 330.10 Responsibility
  § 330.20 Sources of Interpreters
  § 330.30 Selection of Interpreters

§ 340 Orientation of Interpreters
  § 340.10 General Orientation
  § 340.20 Prior Contact with Case or Any Party or Witness in the Case

§ 350 Administration of Oaths

§ 360 Supervising Staff Court Interpreters and Managing Contract Court Interpreter Resources
  § 360.10 Staff Court Interpreters
  § 360.20 Contract Court Interpreters
  § 360.30 Effective Use of Interpreters
  § 360.40 Background Check Requirements

§ 370 Statistical Usage Reporting
  § 370.10 Interpreter Usage Statistical Reporting
  § 370.20 Reporting Usage for Hearing Impairment or Communication Disabilities

---

## § 310 Types of Interpreters

There are two types of court interpreters:

- staff; and
- contract.

*Last revised (Transmittal 05-010) May 6, 2024*

## § 310.10 Staff Court Interpreters

All staff court interpreters must have passed the Federal Court Interpreter Certification Examination (FCICE) to be certified as Federally Certified Court Interpreters (FCCIs).

### § 310.10.20 Authorization for Staff Court Interpreter Positions

(a)    New staff court interpreter positions are authorized by the Judicial Conference of the United States, upon recommendation of its Committee on Judicial Resources.

(b)    The appointment authority for staff court interpreters comes from 28 U.S.C. § 751, which establishes a clerk for each district court and authorizes clerks to appoint employees with the approval of the court.

(c)    The court may not use a government employee (as defined in 5 U.S.C. § 2105), other than a staff court interpreter, to serve as a court interpreter. **See:** § 360.10.30(b).

## § 310.20 Contract Court Interpreters

Contract court interpreters may be certified or Otherwise Qualified interpreters.

### § 310.20.20 Authorization to Hire Contract Court Interpreters

Authority to hire contractors to perform interpreting duties is derived from 28 U.S.C. § 1827(c)(2), which states:

> "The clerk of the court, or other court employee designated by the chief judge, shall be responsible for securing the services of certified interpreters and Otherwise Qualified interpreters required for proceedings initiated by the United States, except that the United States attorney is responsible for securing the services of such interpreters for governmental witnesses."

### § 310.20.30 Fee Schedule for Contract Court Interpreters

The Court Interpreters Act, 28 U.S.C. § 1827(b)(3), requires the Director of the Administrative Office of the U.S. Courts (AO) to prescribe and periodically update a schedule of reasonable fees for services rendered by interpreters, both certified and Otherwise Qualified, who provide services in proceedings instituted by the United States.  For the current fee schedule, **see:** Fee Schedule for Contract Court Interpreters page in JNet's Contract Court Interpreters area.

# § 320 Qualifications of Interpreters

## § 320.10 Certified Interpreters

(a)    A certified interpreter has successfully passed the Federal Court Interpreter Certification Examination (FCICE).

(b)    For information on the certification program, **see:**  Federal Court Interpreters page on the judiciary's public website.

## § 320.20 Otherwise Qualified Interpreters

For languages for which the AO has not developed a certification program, an interpreter is considered "Otherwise Qualified," and is classified as either professionally qualified or language skilled/ad hoc depending on the interpreter's credentials.

### § 320.20.20 Professionally Qualified Interpreters

Interpreters in languages for which the AO does not administer a federal certification examination are eligible to be categorized as professionally qualified upon submitting sufficient documentation and authentication that they meet one of the following criteria:

(a)    Passed the U.S. Department of State conference or seminar interpreter test in a language pair that includes English and the target language.  The U.S. Department of State's escort interpreter test is not accepted as qualifying.

(b)    Passed the interpreter test of the United Nations in a language pair that includes English and the target language.

(c)    Passed the full version of an oral certification, criterion-referenced performance examination developed by the National Center for State Courts for the purposes of interpreter state certification.

(d)    Is a current member qualified in English and the target language in good standing of:

(1)    the Association Internationale des Interprètes de Conférence (AIIC); or

(2)    The American Association of Language Specialists (TAALS).

(e)    For sign language interpreters, someone who holds the Specialist Certificate: Legal (SC:L) of the Registry of Interpreters for the Deaf (RID).

**§ 320.20.30 Language Skilled or Ad Hoc Interpreters**

(a)   An interpreter who does not qualify as a certified or professionally qualified interpreter, but who can demonstrate to the court's satisfaction the ability to interpret court proceedings from English to a designated language and from that language into English, will be classified as a language skilled/ad hoc interpreter.

(b)   This group includes all individuals not certified or professionally qualified, who, through a precisely structured *voir dire* process, can be deemed competent to handle simultaneous and/or consecutive interpretation and/or sight translation with sufficient language proficiency in both English and the target language.

(c)   In some instances, the presiding judge may need to take extra time and make special accommodations to ensure that the proceedings can be conveyed through the language skilled/ad hoc interpreter.

   (1)   For example, in some languages of limited diffusion, it may be difficult or impossible to find interpreters with the skills to interpret a court proceeding simultaneously.

   (2)   In addition, some interpreters may profess to have simultaneous skills that prove inadequate for a court proceeding.

      (A)   When this occurs, the presiding judge may need to instruct the parties to speak slowly to allow the interpreter time to interpret consecutively.

      (B)   The presiding judge and parties may also need to simplify the language they use, or explain the meaning of some legal terms, so that the interpreter may understand what the parties are saying and transmit it to the non-English speaker.

# § 330 Locating Interpreters

## § 330.10 Responsibility

(a)   The clerk or the clerk's designee is responsible for locating certified or Otherwise Qualified interpreters for court proceedings instituted by the United States.  **See:**  Guide, Vol. 5, § 210.10.

(b)   U.S. attorney's offices are responsible for locating, contracting, and paying interpreters for government witnesses or reimbursing the judiciary for the use of its interpreters.  **See:**  Guide, Vol. 5, § 215 and 28 U.S.C.§ 1827(g)(3).

(c)    Where the appointment of an interpreter is not provided for by statute or judiciary policy, the judiciary cannot pay for the interpreter.  However, the clerk may assist the parties in locating an available interpreter.  **See:** § 330.20.30.

## § 330.20 Sources of Interpreters

### § 330.20.10 National Court Interpreter Database (NCID)

(a)    By statute, the Director is required to maintain a current master list of:

(1)    all interpreters who have been certified by the Director of the AO and are thus qualified as Federally Certified Court Interpreters (FCCIs), and

(2)    all Otherwise Qualified interpreters (28 U.S.C. § 1827(b)(3)).

**Note:**  This master list — the National Court Interpreter Database (NCID) — is in InfoWeb.  Searches can be performed by language, qualification level, and state.

(b)    AO staff maintains current contact information for FCCIs.  Courts with updates to information on FCCIs should email the information to the AO's Court Services Office at NCID_help@ao.uscourts.gov.

(c)    A background check must be performed for all contract court interpreters. **See:**  § 360.40.  For information on using the NCID for requesting a background check and on reviewing the background check report on a contract court interpreter, **see:**  JNet's Contract Court Interpreters page.

(1)    The clerk may add a Professionally Qualified or a Language Skilled/ad hoc interpreter to the NCID for purposes of requesting a background check.

[. . .]

### § 330.20.20 Local Rosters (Lists) of Interpreters

(a)    Each court will maintain a local roster of the names and contact information of Otherwise Qualified interpreters if the court was satisfied with the interpreter's performance and is willing to refer them for use in other courts.  The names, addresses, and phone numbers of professionally qualified and language skilled/ad hoc interpreters should be submitted to the AO for review and entry into the NCID.

(b)    The roster should include as much information as possible about the qualifications of the interpreters.

(c)     The court may require interpreters who ask to be included on the court's local roster to:

(1)     submit documentation evidencing their stated credentials; and

(2)     consent to background checks according to Judicial Conference requirements (**see:** § 360.40).

**§ 330.20.30 Availability of NCID Information, Public Release Roster, and Local Rosters**

(a)     National Roster

(1)     The Court Interpreters Act, 28 U.S.C. § 1827(c)(1), requires each United States district court to make the list of Federally Certified Interpreters available upon request for judicial proceedings, as well as to the United States attorney as needed.

(2)     To facilitate this information's release, and to safeguard the personal information of individuals in the database, a **Public Release Roster of Federally Certified Court Interpreters** is available through InfoWeb via the National Court Interpreter Database (NCID).

(b)     Local Roster

(1)     An individual who desires the assistance of an interpreter but is not entitled to the appointment of an interpreter under the Act may examine the roster of local interpreters during ordinary business hours.  Courts may also publish their local roster online. The roster may also be used by attorneys and others involved in the court system.  28 U.S.C. § 1827(c)(1).

(2)     For this reason, the court must maintain current business contact information for the interpreters (e.g., telephone numbers and email addresses), but may not disclose personal identifiers (e.g., social security numbers).

(c)     Clerks' offices may also distribute their local roster of interpreters or listings of interpreters from the NCID to other federal or state agencies for reciprocal assistance in locating interpreter resources.

(d)     Listings for Otherwise Qualified interpreters provided to the parties or attorneys should contain a statement that the interpreters have not been tested or certified to interpret the language in question in the courts and that neither the AO nor the clerk's office can attest to the level of interpreting skills of the listed interpreters.

### § 330.20.40 Additional Resources

For additional information, including a list of professional associations, the Registry of Interpreters for the Deaf (RID), and government agencies to contact for help in locating interpreters, **see:** JNet's Court Interpreting page.

## § 330.30 Selection of Interpreters

(a)   The AO's Office of the General Counsel advised in December 1993, and reaffirmed in March 2015, the following:

> Legislative history makes it clear that the Congressional intent behind the requirement to use certified interpreters is to improve the quality of interpretation services in the Federal courts.  Thus, to prohibit the use of certified interpreters for certain proceedings or when funding is tight appears to be inconsistent with that statute.  Therefore, courts should use non-certified interpreters only when a certified interpreter cannot be found for a given proceeding, not as a money saving measure.

(b)   Courts may also contact the AO's Court Services Office, or other federal courts, for assistance in locating interpreters.  The preferred order in which interpreters should be considered is indicated below:

(1)   Staff court interpreter, since all are certified.

(2)   Certified contract court interpreter from a court's local roster or from the NCID if there is sufficient time for travel.

(3)   Certified interpreter through the Telephone Interpreting Program (TIP) if the proceeding is less than one hour and not too complex and the courtroom is equipped for TIP.  **See:**  Guide, Vol. 5, § 540.

(4)   Professionally qualified interpreter from a court's local roster or from the NCID if there is sufficient time for travel.

(5)   Professionally qualified interpreter through the TIP if the proceeding is less than one hour and not too complex and the courtroom is equipped for TIP.  **See:**  Guide, Vol. 5, § 540.

(6)   Language skilled/ad hoc interpreter from a court's local roster or from the NCID if there is sufficient time for travel.

(7)   Language skilled interpreter through the TIP if the proceeding is less than one hour and not too complex and the courtroom is equipped for TIP.  **See:**  Guide, Vol. 5, § 540.

(8)    Interpreter from interpreter organizations and other sources, such as interpreting agencies.  For further guidance on working with interpreter agencies, **see:**  Guide, Vol. 5, § 420.40.

(c)    The presiding judge may *voir dire* the interpreter as to the interpreter's qualifications to ensure that the individual has the requisite skills and abilities to interpret for the required proceedings.  When selecting Otherwise Qualified interpreters, each court should ensure that professionally qualified interpreters meet the qualification requirements as stated in § 320.20.30.

# § 340 Orientation of Interpreters

## § 340.10 General Orientation

(a)    An orientation program for staff or contract court interpreters with little or no experience serving in a federal court can improve the service they provide to the courts.  New interpreters may be given the opportunity to view orientation material available on the Court Interpreter Training page in JNet's Court Interpreting area.

(b)    Ethics

(1)    The ethics and protocol required of federal court interpreters are included in the Standards for Professional Responsibility, included in the contract form, available in JNet's Court Interpreter Services area.  This document should be reviewed with new or infrequently used contract court interpreters to ensure that they are aware of its requirements.

(2)    Staff court interpreters (e.g., judicial branch employees) are required to observe the Code of Conduct for Judicial Employees (Guide, Vol. 2A, Ch. 3).

## § 340.20 Prior Contact with Case or Any Party or Witness in the Case

The court may require an interpreter to disclose to the court and to the parties any prior involvement with the case or with any party or witness involved in the case. **See:** Standards for Professional Responsibility.

# § 350 Administration of Oaths

(a)    Under Fed. R. Evid. 604, the presiding judge should ensure that each interpreter take an oath to discharge properly the interpreter function,

including accurately interpreting for the speakers in the proceeding and properly preparing for the assignment.

**Note:**  In some courts, the duty of administering an oath to the interpreter is delegated to the clerk.  In taking the oath, the interpreter becomes an officer of the court with the specific duty and responsibility of interpreting between English and the target language.

| § 350(b) Sample Oaths | |
| --- | --- |
| **Version 1** | **Version 2** |
| Do you solemnly swear that you will well and truly act as an interpreter in this matter now before the court, so help you God? | Do you solemnly swear that you will interpret faithfully and accurately in this matter now before the court, so help you God? |
| Or alternatively: | Or alternatively: |
| Do you solemnly affirm that you will well and truly act as an interpreter in this matter now before the court? | Do you solemnly affirm that you will interpret faithfully and accurately in this matter now before the court? |

(c)     The oath of an interpreter appearing via the Telephone Interpreting Program (TIP) should be administered in the same manner as the oath of an in-person interpreter.

(d)     Policies with regard to the oath of interpreters vary from district to district and from judge to judge.

(1)     In some courts, contract court interpreters are sworn in each day.

(2)     In others, administering the oath at the beginning of a proceeding is sufficient for the entire case, regardless of duration.

(3)     Some courts administer the oath to staff and contract court interpreters at the beginning of their service or contract.

(4)     Courts may also have the interpreter sign an oath to keep on file.

(e)     The name of the interpreter serving during any court proceeding will be noted in the record of the case.

(f)     All staff court interpreters are deputy clerks appointed under 28 U.S.C. § 751.  As deputy clerks, staff court interpreters may administer oaths and affirmations under 28 U.S.C. § 953, which confers oath-administering authority on all deputy clerks.

# § 360 Supervising Staff Court Interpreters and Managing Contract Court Interpreter Resources

## § 360.10 Staff Court Interpreters

### § 360.10.10 Supervision

Staff court interpreters are under the supervision of the clerk of court.

### § 360.10.20 Additional Duties

The clerk may find it desirable to add duties to the job description of the staff court interpreter, consistent with good human resources practices.

(a)     When a staff court interpreter has no case preparation or in-court work to perform, the clerk may assign other duties that take advantage of the interpreter's language/interpreting skills, such as telephone and over-the-counter assistance to non-English speakers.

(b)     At the discretion of the clerk, staff court interpreters may also be assigned to assist other courts through the TIP, if the court has the equipment necessary to provide this service.  **See:**  § 370.10.40(d).  This practice is encouraged and may result in savings to the judiciary and help ensure that federally certified court interpreters are available.  For further guidance on the TIP, **see:**  Guide, Vol. 5, § 540.

### § 360.10.30 Use of Staff Court Interpreters

(a)     Staff court interpreters are employed by district courts to provide interpreting services at the request of judges, the clerk's office, and probation and pretrial services offices for matters initiated by the United States. The employing court may share court interpreters through TIP with other federal courts when deemed available by the employing court.  Inter-district travel must be authorized through the AO's Court Services Office.  **See:**  Guide, Vol. 19, § 425.20(c)(5)(B).

- For guidance on the use of staff court interpreters for CJA cases, **see:** Guide, Vol. 5, § 220.20.

- For guidance on the use of staff court interpreters for government witnesses, **see:**  Guide, Vol. 5, § 215(b).

(b)     Prohibition Against Use of Court Staff or Relatives as Interpreters

(1)     Unless there is a compelling reason for such an award and the Procurement Executive provides a written exception based on full

information, a judiciary contracting officer may not knowingly award a contract to:

(A)     a relative of a judiciary employee;

(B)     another judiciary employee, including staff court interpreters; or

(C)     a business concern (or other organization) owned or substantially owned or controlled by:

(i)     a judiciary employee(s), or

(ii)    a relative(s) of judiciary employees.

**See:**  Guide, Vol. 14, § 150.40 (Standards of Conduct).

(2)     Staff Court Interpreters who perform outside interpreting work are responsible for complying with any applicable laws, regulations (such as the Federal Acquisition Regulations (FAR), 48 CFR 3.6), and policies.  For this reason, staff court interpreters generally do not provide services to other federal agencies.

(3)     A staff court interpreter may be hired by non-government entities or retained counsel to provide interpreting services.

(A)     If the services are required during the interpreter's tour of duty hours, the interpreter must use approved annual leave or authorized leave without pay for the interpreter to provide interpreting services to those entities.

(B)     Such outside employment must be:

(i)     authorized in advance by the clerk and

(ii)    within the requirements of Guide, Vol. 2A, Ch. 3 (Code of Conduct for Judicial Employees).

## § 360.20 Contract Court Interpreters

### § 360.20.10 Rotation of Contract Court Interpreter Assignments

(a)     Contract court interpreters certified by the AO should be placed on the court's local roster of interpreters.

(b)     Courts should observe fair practices in rotating assignments to all locally available certified or professionally qualified interpreters.

(c)     If only language skilled/ad hoc interpreters are available, rotation should also be fair, but courts must always give preference to interpreters who are most competent and have the best interpreting credentials and skills.

## § 360.30 Effective Use of Interpreters

(a)     Several measures may be employed to protect the accuracy of the record and avoid errors, including:

   (1)     positioning interpreters so they can hear and see the parties whose utterances must be interpreted;

   (2)     providing the interpreter with drinking water in the courtroom; and

   (3)     providing attorneys with general guidance as to the demands that an interpreted proceeding will impose on them and other courtroom participants, including the following:

      (A)     use of sound equipment;

      (B)     need to speak clearly;

      (C)     location of the interpreter in the courtroom;

      (D)     need to change interpreters periodically during lengthy proceedings;

         (**Note:** For guidance on team interpreting, **see:** Guide, Vol. 5, § 530 (Mitigating Demands on Interpreters).)

      (E)     possibility of interruption by the interpreter to clarify a matter; and

      (F)     need to avoid social and *ex parte* contact with interpreters.

(b)     It is important to guard against diminished performance caused by fatigue, poor acoustics, and attorneys inexperienced in the proper use of interpreters.  Every reasonable measure must be taken to ensure proper performance.  The physical and mental stress of interpreting over a long period may lead to a reduction in interpreting accuracy.

## § 360.40 Background Check Requirements

Background checks must be conducted according to established Judicial Conference policies as described in Guide, Vol. 12, § 570 (Background Checks and Investigations) and in the instructions for conducting background checks on contract court interpreters.

# § 370 Statistical Usage Reporting

## § 370.10 Interpreter Usage Statistical Reporting

### § 370.10.10 Requirement to Report

Under the Court Interpreters Act (28 U.S.C. § 1827(b)(3)), "[t]he Director. . . shall report periodically on the use and performance of both certified and otherwise qualified interpreters in judicial proceedings instituted by the United States[.]"

### § 370.10.20 Reporting Frequency

To monitor usage and provide the information required in the annual report to Congress, courts must report their usage statistics on a quarterly basis through InfoWeb. This report is required even if no interpretation services were used during that quarter.

### § 370.10.30 Report Submission Dates

Quarterly reports must be submitted by the 15th day of the month following the end of the quarter (January 15, April 15, July 15, and October 15).

### § 370.10.40 Report Contents

(a)    The report should contain a summary of the preceding quarter's use of interpreters for court proceedings and probation or pretrial services matters under the Court Interpreters Act. Each district has the discretion to determine whether the district court and the probation or pretrial services office will provide separate or combined reports.

(b)    Each report should indicate the number of docketed proceedings in which certified staff, certified contractor, or Otherwise Qualified interpreters were provided, by language.

(c)    An "event" is defined for the purpose of the reporting requirement as one judicial proceeding (be it a trial or hearing), conference, or interview, or a combination of two or more court proceedings, conferences, or hearings under the same case number on the same day. For purposes of this definition:

   (1)    Report two events when two interpreters are used for the same judicial proceeding. The use of two or more interpreters for one event will double (or triple, etc.) the reported events.

   (2)    If a judicial proceeding, conference, or interview is continued to a second day, a new entry is counted.

(d)　　Telephone Interpreting Program service usage must be reported only by the court receiving services.

(e)　　For specific reporting requirements and format, **see:**  JNet's Reporting Requirements page.

## § 370.20 Reporting Usage for Hearing Impairment or Communication Disabilities

### § 370.20.10 Services for Participants

If interpreter services for participants with a hearing impairment or a communication disability are required for court proceedings, courts should identify the sign language used for the party needing the interpreter services on Form AO 50 (Report of Services Provided to Persons with Communication Disabilities).

### § 370.20.20 Services for Spectators

**See:**  Guide, Vol. 5, § 255(a).

### § 370.20.40 Further Guidance

For additional guidance on providing services to the hearing impaired and other persons with communication disabilities, **see:**  Guide, Vol. 5, § 255.

# Guide to Judiciary Policy

Vol. 5: Court Interpreting

## Ch. 4: Funding, Contracting, and Paying Contract Court Interpreters

§ 410 Funding Authorization
　　　§ 410.10 General Authorization Fund

§ 420 Delegation of Procurement Authority
　　　§ 420.10 Negotiations of Interpreter Contracts or Agreements
　　　§ 420.20 Contracts for Court Interpreters
　　　§ 420.40 Use of Interpreting Agencies

§ 430 Paying Contract Court Interpreters
　　　§ 430.10 Rate Determination and Review
　　　§ 430.20 Prompt Payments to Contract Interpreters
　　　§ 430.30 Payment Procedures

---

# § 410 Funding Authorization

## § 410.10 General Authorization Fund

(a)    The general authorization fund for contract court interpreters (BOC 2523, under fund #092000, organization code, court's Cost Organization Code) is for use by all court units when paying the approved invoices submitted by:

(1)    contract court interpreters who provided service under the Court Interpreters Act in proceedings initiated by the United States; or

(2)    providers of appropriate accommodations — including sign language interpreters — for participants in court proceedings who have a hearing impairment or communication disability.

(b)    Charges for interpreter services provided under the Court Interpreters Act must be made to the fiscal year in which the obligation was incurred.

(c)    The following organization codes should be used when paying approved invoices:

| | |
|---|---|
| Appellate | AXXBBCX |
| Bankruptcy | BXXBBCX |

*Last revised (Transmittal 05-010) May 6, 2024*

|  |  |
|---|---|
| District Court | DXXBBCX |
| Probation and Pretrial | PXXBBCX |

(d)    For guidance on which organization code to use, **see:**  Guide, Vol. 5, §§ 210, 240, and 255.

# § 420 Delegation of Procurement Authority

## § 420.10 Negotiations of Interpreter Contracts or Agreements

### § 420.10.10 Authority

All negotiations and execution of contracts are subject to the delegation of procurement authority by the Director of the Administrative Office of the U.S. Courts (AO), as described in Guide, Vol. 14, § 120.40.30.

### § 420.10.20 Location of Instructions and Forms

Further information is on JNet, including the Contract Court Interpreter Services Terms and Conditions ("the Contract") and attachments, and the Instructions and Procedures for Locating and Procuring Contract Court Interpreter Services ("Contract Instructions"). The Contract and attachments and other information for contract court interpreters are also available on the Federal Court Interpreters page on the judiciary's public website.

## § 420.20 Contracts for Court Interpreters

(a)    Each court must execute and sign the contract with each non-staff interpreter according to the contract instructions on JNet.

(b)    The contract, attachments, and instructions used must be the most recently published version to ensure compliance with judiciary procurement policy and guidelines and to provide a degree of consistency for contract court interpreters, especially those who serve in multiple districts.

(c)    The negotiation and the execution of the written agreement should take place before services are rendered.  **See:**  § 430.10(d).

(d)    A presiding judicial officer's selection of a contractor to serve as an interpreter does not constitute an appointment of that person as an employee of the United States.  The interpreter's relationship with the United States is that of an independent contractor.

(e)    Income taxes and social security taxes are not deducted from a contract court interpreter's compensation.  For contract interpreters who are not employees of the judiciary, social security benefits are based entirely on

the interpreter's contributions as a self-employed individual. The government makes no contribution for contractors.

(f)    For guidance on contracts with government employees or employee-controlled business concerns, **see:** Guide, Vol. 5, § 360.10.30(b).

## § 420.40 Use of Interpreting Agencies

(a)    Since there is no guarantee of the certification or skill level of any interpreter provided by agencies and contracting with agencies will increase the cost to the judiciary, procuring interpreters through interpreting agencies should be considered carefully.

(b)    Engaging an interpreter through an interpreting agency involves special contracting issues.

    (1)    The Contract Court Interpreter Services Terms and Conditions and related documents are only appropriate for contracting with individual interpreters but can be used when the individual is a corporation and is the same individual providing interpreting services directly.

    (2)    However, when contracting with agencies that hire individuals to perform interpreting services, the Judiciary Small Purchase Procedures should be followed, using a purchase order (PO) instead of the Terms and Conditions document. The PO must include procurement Clause 3-3. **See:** Guide, Vol. 14, Appx. 1B. Courts have the authority to enter into commercial agreements under the Level 3 delegation (General Contracting Authority under the Contracting Officer's Certification Program). **See:** Guide, Vol. 14, § 140.30.

(c)    For languages of limited diffusion (LLD) requirements, courts may have to obtain services through translation or interpreting agencies.

(d)    The contract must state the required skill level of the interpreter, and the court's requirement for simultaneous and consecutive interpretation and sight translation, including a stipulation that summary interpretation is not acceptable. The contract should also cover performance and protocol issues and the required background check. For guidance on background check requirements, **see:** Guide, Vol. 5, § 360.40.

[. . .]

# § 430 Paying Contract Court Interpreters

## § 430.10 Rate Determination and Review

    (a)    Fees for interpreter services are set by the Director and are subject to periodic review.

    (b)    Interpreters providing services under the Court Interpreters Act, 28 U.S.C. § 1827, must not be compensated at a rate higher than the maximum rates established by the Director of the AO, unless an exception is authorized under § 420.60.  For further guidance on payment of AO certified interpreters, **see:**  Contract Instructions.

    (c)    Compensation for language skilled/ad hoc interpreters is set at a lower rate than that set for certified and professionally qualified interpreters.

    (d)    Funds must be obligated and the following must be negotiated and established using the contract document before the interpreter performs the work or travels to the assignment:

        (1)    fees;

        (2)    compensation for authorized travel time;

        (3)    reimbursement of authorized travel expenses; and

        (4)    cancellation terms.

    (e)    For information on current rates, **see:**  JNet's Fee Schedule for Contract Court Interpreters page and the Current Fees for Contract Court Interpreters page on the judiciary's public website.

## § 430.20 Prompt Payments to Contract Interpreters

The willingness of interpreters to work for the courts may be affected over time by the promptness with which they are paid.  Although the judiciary is not subject to the Prompt Payment Act of 1982, timely payment of proper invoices for service rendered under the Court Interpreters Act or the CJA will help to facilitate subsequent recruitment.

## § 430.30 Payment Procedures

    (a)    The Contract advises the interpreter what information is required in an invoice, and to whom the invoice should be submitted.  The Contract instructions provide information to the court on processing of invoices.

(b)    Interim payments for work already performed are allowed for lengthy proceedings.  Some interpreting agencies demand payment in advance, but the government is not authorized to pay for interpreting services or interpreter travel expenses in advance of the service being rendered. **See:**  Guide, Vol. 14, § 220.55 (Contract Financing).

# Guide to Judiciary Policy

Vol. 5: Court Interpreting

## Ch. 5: Special Interpretation Services

§ 510 Simultaneous Interpreting in Government-Initiated Multiple-Defendant Cases
    § 510.10 Courts' Responsibility to Provide Services
    § 510.20 Equipment Purchase
    § 510.30 Reimbursement for Use of Personal Equipment

§ 520 Simultaneous Interpreting in Multiple-Party Cases Not Initiated by the Government

§ 530 Mitigating Demands on Interpreters
    § 530.05 Use of Multiple Interpreters (Team Interpreting)
    § 530.10 Makeup of Interpreting Teams
    § 530.30 Judicial Proceedings Typically Warranting Multiple Interpreters
    § 530.40 Judicial Proceedings Not Typically Warranting Multiple Interpreters

§ 540 Telephone Interpreting Program (TIP)
    § 540.20 Judicial Proceedings Where TIP Is Appropriate
    § 540.30 TIP Interpretation for Spanish or Other Languages
    § 540.40 Court Responsibility for Interpreting Arrangements and Payment
    § 540.50 TIP Equipment Funding

§ 550 Documents in Languages Other than English
    § 550.10 English Language Requirement
    § 550.20 Translation of Documents Filed with the Court
    § 550.30 Translation of Documents Prepared by the Court

---

## § 510 Simultaneous Interpreting in Government-Initiated Multiple-Defendant Cases

### § 510.10 Courts' Responsibility to Provide Services

Each court should provide for simultaneous interpreting services in multiple-defendant criminal actions and multiple-party civil actions initiated by the United States (28 U.S.C. § 1828(a)).

### § 510.20 Equipment Purchase

Each court is authorized to purchase equipment to be used in providing simultaneous interpretation services in multiple-defendant criminal cases and multiple-party civil

*Last revised (Transmittal 05-009) April 28, 2022*

cases initiated by the United States.  Clerks' offices are provided with funds for such purchases in the aggregate allotment.

### § 510.30 Reimbursement for Use of Personal Equipment

There are no provisions or authorization to reimburse interpreters for use of an interpreter's personal equipment.

## § 520 Simultaneous Interpreting in Multiple-Party Cases Not Initiated by the Government

In multiple-party civil cases not initiated by the United States, the clerk of court, with the approval of the presiding judge, may make the court's simultaneous interpretation equipment available to interpreters hired by and paid for by the parties (28 U.S.C. § 1828(b)).  Contract interpreters, even when using court-provided equipment, should be contracted and paid directly by the parties in these cases.

## § 530 Mitigating Demands on Interpreters

To safeguard the integrity of interpreting services, and to ensure that the quality does not decrease due to interpreter fatigue, the presiding judge may:

> (a)    designate two or more interpreters to work as a team (recommended for trials or lengthy judicial proceedings); or

> (b)    provide frequent breaks for an interpreter working alone.

### § 530.05 Use of Multiple Interpreters (Team Interpreting)

### § 530.10 Makeup of Interpreting Teams

Teams of interpreters may be comprised of a combination of staff interpreters, individually contracted interpreters, interpreters contracted by an agency under a single contract, or interpreters contracted through more than one agency.

### § 530.30 Judicial Proceedings Typically Warranting Multiple Interpreters

Some examples of the type of lengthy judicial proceedings for which multiple interpreters may be necessary include:

- trials and evidentiary hearings;
- legal arguments on motions; and
- sentencing hearings at which complex issues are argued.

## § 530.40 Judicial Proceedings Not Typically Warranting Multiple Interpreters

Examples of judicial proceedings that can normally be covered by a single interpreter may include shorter assignments such as:

- initial appearances;
- arraignments;
- pretrial services interviews;
- status conferences;
- pleas; and
- sentences.

# § 540 Telephone Interpreting Program (TIP)

The Administrative Office of the U.S. Courts (AO) established the judiciary's Telephone Interpreting Program (TIP) to provide remote interpretation, via telephone lines for judicial proceedings where certified or highly qualified court interpreters are not reasonably available locally. The Judicial Conference approved the judiciary's TIP in 1994 to provide simultaneous and consecutive interpreting for short judicial proceedings (JCUS-MAR 1994, pp. 16-17).

§ 540.10 [Reserved]

## § 540.20 Judicial Proceedings Where TIP Is Appropriate

(a)    Courts should consider TIP for the following types of short judicial proceedings when certified or qualified interpreters are not available locally, and it is not feasible to have interpreters travel from outside the area:

- pretrial hearings;
- initial appearances;
- arraignments; and
- probation and pretrial services interviews.

(b)    Requests for telephone interpreting services may be made via the judiciary's intranet, and provider courts will respond to the request. For information on equipment requirements and related telephone interpreting information, and to schedule TIP services, **see:**  JNet's TIP page.

## § 540.30 TIP Interpretation for Spanish or Other Languages

(a)    All TIP interpretation for Spanish is done by certified interpreters, usually court staff interpreters.

(b)    Interpretation via TIP for other languages is done by contract interpreters known to the provider court (where the interpreter is physically located), and skilled in the use of the TIP equipment.

## § 540.40 Court Responsibility for Interpreting Arrangements and Payment

(a)    The court providing the interpreter handles all the logistical arrangements, including negotiating terms, executing the contract, and paying the invoice.

(b)    The user court (where the hearing is located) only needs to make the request, initiate the telephone call at the time of the hearing, and report the event on the quarterly usage report.

## § 540.50 TIP Equipment Funding

The AO will fund the purchase of equipment needed for provider courts or user courts to participate in TIP, subject to the availability of funding.  For information on purchasing equipment, contact the Court Services Office at 202-502-1500.

# § 550 Documents in Languages Other than English

## § 550.10 English Language Requirement

(a)    No federal statute requires documents to be filed in English in United States courts, except for the District of Puerto Rico (48 U.S.C. § 864). Some courts have addressed the language requirements for the filing of documents through local rules.

(b)    When an evidentiary document is submitted to the court in a language other than English, the presiding judge may issue an order to the party submitting the documents that requires the documents to be filed in English.  If required, translation of evidentiary documents is the responsibility of the party tendering the documents to the court.

## § 550.20 Translation of Documents Filed with the Court

### § 550.20.10 Finding Qualified Translators

(a)    While it is generally expected that all documents filed with the court will be in English, occasionally there is a need to have documents translated into English.  The Court Interpreters Act does not address written translation requirements, and the Federal Court Interpreter Certification Examination (FCICE) tests high-level interpreting skills in both English and Spanish but does not test for translation skills.

(b)    Qualified translators can be located through the American Translators Association or any other organization that tests translation ability in the appropriate language combination, such as:

- the Language Services Unit of the State Department, or
- the Language Services Section of the Federal Bureau of Investigation.

### § 550.20.20 Rates for Document Translation

(a)    When a court needs documents translated, the rates should be negotiated between the translator and the court.  Payment can be:

- per word or per page translated; or
- per hour of real time translation work.

(b)    The Director's fee schedule does not apply to document translations.

### § 550.20.30 Rates for Transcription of Recorded Materials

If required by the presiding judge, the rate for the transcription of recorded materials can be negotiated by the half-day, the full-day, or by the hour for the actual time spent on the task.

### § 550.20.40 Payment Responsibility for Translations and Transcriptions

Translations and transcriptions are not within the scope of the Court Interpreters Act, and payment for such services may not be funded from the general authorization for contract court interpreting.  Local funds must be used to award a contract for translation and transcription services.

## § 550.30 Translation of Documents Prepared by the Court

(a)    In practice, English is the language used by the courts, and all official documents of the court should be written in English.  The recipient of an official court document is responsible for translation to another language if necessary for that party's understanding of the official document.

(b)    Several courts have responded to changing demographics and now make available (either on the courts' websites or at the courthouses) unofficial forms and other information for individuals with limited English proficiency.  **See:**  Guide, Vol. 22, § 150.15.