IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HEZBULLAH KAZIMI, <br>     Plaintiff <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"); ALEJANDRO MAYORKAS, in his official capacity as Secretary of DHS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); UR MENDOZA JADDOU, in his official capacity as Director of USCIS; TED H. KIM, in his official capacity as Associate Director of the Refugee, Asylum and Internation Operations Directorate at USCIS; and RON ROSENBERG, in his official capacity as Director of the USCIS Arlington Asylum Office, <br>     Defendants | Case No.: 1:24-cv-00340-SPB |

## RESPONSE OF PLAINTIFF HEZBULLAH KAZIMI TO RULE TO SHOW CAUSE DATED JANUARY 22, 2025

NOW COMES Hezbullah Kazimi, Plaintiff herein, and in Response to this Court's Order of January 22, 2025, ordering the Parties to show cause, by January 28, 2025, why this case should not be dismissed for lack of jurisdiction in light of the settlement agreement in this class action *Ahmed v. DHS*, 4:23-CV-01892-JST (N.D. Ca. Sept. 11, 2025)(ECF No. 105), respectfully represents:

### I.    STATEMENT OF THE CASE

This is a case under the Mandamus Act, 28 U.S.C. § 1361 seeking an Order in the nature of Mandamus to compel the Defendants, officers or employees of the United

States or its agencies, to perform a duty owed to the Plaintiff, adjudication of his application for asylum filed August 26, 2022, 886 days ago. USCIS conducted Mr. Kazimi's required asylum interview in Arlington, Virginia on November 1, 2022. Mr. Kazimi underwent a second USCIS interview in Cleveland, Ohio on February 17, 2023.

Plaintiff, Hezbullah Kazimi is an Operation Allies Welcome parolee seeking asylum in the United States. In the face of death threats and threats to his family, he fled Afghanistan in 2021 after the Taliban regained control. Mr. Kazimi applied for asylum under the Operation Allies Welcome Act program. He submitted an I-589 application on August 26, 2022, seeking asylum under Section 241(b)(3) of the Immigration and Nationalization Act due to his justified fear that he will be persecuted by the Taliban due to his political opinions and membership in a particular social group.

1.      Under Section 2502 of the Extending Government Funding and Delivering Emergency Assistance Act (the "Emergency Assistance Act"), Pub. L. No. 117-43, 135 Stat. 377 (2021), in the absence of "exceptional circumstances," USCIS must adjudicate the asylum applications filed by this group of people within 150 days. Since the delay in this case is excessive, and the government has failed to perform the ministerial duty of adjudicating Mr. Kazimi's asylum claim, he filed this action to compel action by USCIS.

## II.    RESPONSE TO ORDER TO SHOW CAUSE

On April 19, 2023, a class action complaint was filed in the United States District Court for the Northern District of California at No. 4:23-cv-01892-JST , seeking an order of mandamus requiring adjudication of asylum claims like Mr. Kazimi's. The

complaint does not seek to limit the remedies of any class member, but sought an order of mandamus compelling the defendants therein to adjudicate asylum claims under the Operation Allies Welcome program.

On September 6, 2023, the Department of Homeland Security ("DHS"), Alejandro Mayorkas in his official capacity as Secretary of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"), Ur Mendoza Jaddou, Direct of USCIS and Ted. H. Kim, the Associate Director of the Refugee, Asylum, and International Operation Directorate of USCIS entered into an agreement with representatives of a purported class which includes Mr. Kazimi. The settlement agreement does not contain any language limiting the rights of any class member to seek independent relief, and does not bind or limit class members in any way.

The next day, the class representatives filed an "Unopposed Motion for Approval of Class Action Settlement," which the Court approved without hearing on September 11, 2023. At no time during the pendency of the *Ahmed* case was Mr. Kazimi notified of his class membership or given the opportunity to withdraw from the class, nor does the Order approving the settlement contain any language limiting any right of any class member to seek their own remedy. Specifically, it does not claim ongoing jurisdiction over the class and does not enjoin any further action by any class member.

The settlement agreement in *Ahmed* requires the Defendants (hereinafter, "USCIS") to, *inter alia*, adjudicate 90 percent of "class member asylum applications that were filed on or before December 2, 2023, by April 30, 2024, of which 85 percent were to be applications pending longer than 150 days." (Settlement Agreement, attached hereto as Exhibit "A.") On January 13, 2025, USCIS reported that it had adjudicated

94% of the applications involving Plaintiff's class. It has not adjudicated Plaintiff's application. See January 13, 2025 report, attached as Exhibit "B." Based on the USCIS Report of January 13th, it has now satisfied all of its obligations under the Settlement Agreement, since less than ten percent of the class remains to be adjudicated.

The adjudication of 94 percent of the applications does not and did not benefit Mr. Kazimi since his application was not among the applications adjudicated. At this point, USCIS is under no legal obligation pursuant to the *Ahmed* Settlement Agreement to adjudicate Mr. Kazimi's application, although its duty under the Act to adjudicate that application within 150 days still applies. Having satisfied the requirements of the Settlement Agreement, the Northern District of California, where the *Ahmed* case was brought, would not be able to enter any order benefiting Mr. Kazimi.

While the efforts of USCIS and its prompt compliance with the Settlement Order are certainly commendable, the fact remains that Mr. Kazimi has been waiting well over 800 days, more than 650 days more than the limitations imposed by law, for his application to be adjudicated.

Given that Mr. Kazimi has not had any communication from USCIS concerning his application, and it is clear that USCIS has not performed the duties imposed upon it by law, this Court has jurisdiction and authority to grant an Order of Mandamus

5

directing the USCIS to adjudicate Mr. Kazimi's claim promptly.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: */s/ Timothy D. McNair*
    Timothy D. McNair, Esquire
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-2371 (fax)
    tmcnair@mcnairlaw.com