IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HEZBULLAH KAZIMI,<br>    Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"); ALEJANDRO MAYORKAS, in his official capacity as Secretary of DHS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); UR MENDOZA JADDOU, in his official capacity as Director of USCIS; TED H. KIM, in his official capacity as Associate Director of the Refugee, Asylum and Internation Operations Directorate at USCIS; and RON ROSENBERG, in his official capacity as Director of the USCIS Arlington Asylum Office,<br>    Defendants | Case No.: 1:24-cv-00340-SPB |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CAUSE DATED JANUARY 22, 2025

NOW COMES Hezbullah Kazimi, Plaintiff herein, and in Reply to Defendants' Response to the Order to Show Cause dated January 22, 2025, respectfully represents:

### I.  ISSUE PRESENTED

**In light of the limited relief afforded by the Settlement Agreement in *Ahmed v. DHS*, is Plaintiff precluded from seeking adjudication of his asylum application?**

In response to this Court's Rule to Show Cause dated January 22, 2025, the Defendants filed a somewhat prolix Response consisting of a treatise on class actions and the doctrine of collateral estoppel, both of which subjects are well known to this Court. The essence of the government's argument is that, because some people achieved relief through the class action settlement, Plaintiff is not entitled to assert his rights any further. Essentially, the government is claiming that as a result of the settlement, Mr. Kazimi has ***no right whatsoever*** to require the government to adhere to the law and adjudicate his application.

The government's argument flies in the face of the Settlement Agreement. Under the Settlement Agreement, benchmarks for adjudicating asylum petitions were set forth, requiring that 90 percent of the asylum applications filed on or before February 1, 2024, be adjudicated on or before June 30, 2024. As set forth in Plaintiff's Response to the Rule to Show Cause, the report filed by the government demonstrates compliance with the settlement.

The Defendants ignore, however, the plain language of the unopposed Motion to Approve Settlement, which expressly reserves the rights of individual class members, stating: "Individual Class Members do not waive any rights or release any other claims through this Settlement "[1]. The Order of Court granted the Motion for Settlement and

---

[1] The Motion provides: "**IV. Notice to Members of the Settlement Class Is Not Required**
Notice to members of the Settlement Class is not required in this case. Rule 23(e) provides that notice to the class of a proposed settlement is only necessary where class members would be "bound" by the terms of the settlement. *Id*. at 23(e)(1)(B). Courts in the Ninth Circuit consistently have held that notice under Rule 23(e) is not required for settlements of Rule 23(b)(2) class actions providing for "injunctive relief only." *Stathakos v. Columbia Sportswear Co.*, 2018 WL 582564, at *3–4 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required."); *see also Moreno v. S.F. Bay Area Rapid Transit Dist.*, 2019 WL 343472, at *3 (N.D. Cal. Jan. 28, 2019); *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at *8 (N.D. Cal. Mar. 18, 2015); *Walters v. Vitamin Shoppe Indus.*, 2022 WL 358404, at *1 (D. Or. Feb. 7, 2022); *Chan v. Sutter Health Sacramento Sierra Region*, 2016 WL 7638111, at *13–14 (C.D. Cal. June 9, 2016);

certified the class "for purposes of settlement only." The plain fact is that the settlement did not affect Mr. Kazimi's claim, since he remains in the less than ten percent of applications adjudicated.

Given the express reservation of Mr. Kazimi's rights and the limitations imposed on the class settlement, Mr. Kazimi's claims in this action are not barred.

The government's argument that Mr. Kazimi may ***never*** seek a remedy for the unjustified delay in the adjudication of his application is absurd. Under Section 2502 of the Extending Government Funding and Delivering Emergency Assistance Act (the "Emergency Assistance Act") Pub. L. No. 117-43, 135 Stat. 377 (2021) asylum applications under the Operation Allies Welcome program must be adjudicated within 150 days in the absence of "exceptional circumstances." The government has not set forth any "exceptional circumstances" that justify the delay, but if it argues that there are, Mr. Kazimi is entitled to litigate them. The injunctive relief agreed to by the government does not bar Mr. Kazimi's assertion of his individual rights, which were expressly preserved in the unopposed Motion that was approved by the Court. (ND Individual Class Members do not waive

any rights or release any other claims through this Settlement CA No. 4:23-CV-018923-JST, Doc. 105).

Despite the tedious exegesis on class actions and collateral estoppel, the government fails to identify any right of Plaintiff adjudicated in the *Ahmed* case settlement.

## II. CONCLUSION

---

*Rodriguez v. Bumble Bee Foods, LLC*, 2018 WL 1920256, at *10 (S.D. Cal. Apr. 24, 2018); *Padilla v. Whitewave Foods Co.*, 2021 WL 4902398, at *4 (C.D. Cal. May 10, 2021).[4]

Here, the Settlement Agreement settles only the Claims alleged in the Complaint and provides only injunctive relief to all Members of the Settlement Class. Individual Class Members do not waive any rights or release any other claims through this Settlement. Notice therefore is not required.[5]

4 As a class certified pursuant to Rule 23(b)(2), "even if notice was sent, class members would not have the right to opt out." *Stathakos*, 2018 WL 582564, at *4; *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011). Thus, Class Members here may not opt out of the Settlement Agreement."

5 Although "[c]ourts generally employ a two-step process in evaluating a class action settlement," *Lilly*, 2015 WL 1248027, at *6, that two-step process is not necessary here because notice to class members is not required in this matter. *See, e.g.*, Order Granting Approval of Proposed Class Action Settlement, *Garcia Ramirez v. ICE*, No. 1:18-CV-00508, ECF No. 403 (D.D.C. Sept. 7, 2022) (granting single motion for approval of class settlement under Rule 23(e)).NDCA No. 4:23-cv-01892-JDT, Doc. 103, PP 7-8.

The Rule to Show Cause should be discharged and this Court should expeditiously proceed to a hearing on Mr. Kazimi's Application for Preliminary Injunction and Mandamus directed to Defendants to adjudicate his asylum application within a limited period of time.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By: */s/ Timothy D. McNair*
    Timothy D. McNair, Esquire
    821 State Street
    Erie, PA 16501
    (814) 452-0700
    (814) 454-2371 (fax)
    tmcnair@mcnairlaw.com
    PA No.: 34304